United States District Court
Southern District of Texas
**ENTERED**
May 24, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIMPLY DELIVERED, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-23-2894 |
| | § | |
| THE BAZAAR, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Defendant The Bazaar, Inc.'s Motion to Dismiss First Amended Complaint (Document No. 18) ("Motion"), to which Plaintiff Simply Delivered, LLC responded in opposition (Document No. 19) and Defendant replied in support of its Motion (Document No. 20). After considering their submissions, the First Amended Complaint, and applicable law, the Court concludes as follows.

I.   Background

This suit arises from a hacked email account, a subsequent misdirection of funds, and Plaintiff's efforts to recover its loss from Defendant The Bazaar, Inc. ("Bazaar"). Bazaar, an Illinois corporation operating in Illinois, contends, among other things, that the Court does not have personal jurisdiction over it and moves for dismissal.

As alleged, Plaintiff Simply Delivered, LLC ("Simply Delivered"), a Texas company, provides trade agent and brokerage services in the wholesale distribution of goods.[1] Bazaar is a national leader in buying and selling brand name, closeout, wholesale merchandise.[2] These closeout goods, once sold, are unlikely to become available again.[3] Bazaar transacts much of its business on the internet and by email, but Bazaar attends national trade shows in order to solicit business from Texas companies such as Simply Delivered.[4] Bazaar's Texas sales generate a significant amount of income for Bazaar.[5]

In 2023, Bazaar met with Simply Delivered at a trade show in Las Vegas regarding certain goods Bazaar had made available for sale.[6] Simply Delivered, interested in purchasing those goods, began communicating with Bazaar sales representative Jose Rodriguez via email and telephone.[7] Time was of the essence since

---

[1] Document No. 17, Plaintiff's First Amended Complaint at ¶¶ 2, 8.

[2] Id. at ¶ 10.

[3] Id.

[4] Id. at ¶¶ 6, 10.

[5] Id. at ¶ 10.

[6] Id. at ¶ 11.

[7] Id.

the goods, once sold, would not be available again at the discounted pricing.[8]

During the parties' ongoing discussions, Rodriguez's email account was hacked, Bazaar's telephone lines were disabled, and an unknown hacker began communicating with Simply Delivered.[9]  The hacker "consummated" an agreement with Simply Delivered via email for the goods and directed that payment be made to a bank account identified by the hacker.[10]  Simply Delivered suggested alternative methods of payment, but the hacker rejected each alternative payment method.[11]  Simply Delivered also tried to contact Rodriguez directly but was informed he was out of the office.[12]  Simply Delivered further tried to call Bazaar, but its phone lines were not functioning.[13]  The hacker confirmed that there were issues with the telephone lines.[14]  Not wanting to lose out on the goods, and not knowing that Bazaar's email and phone lines had been

---

[8] Id.

[9] Id. at ¶¶ 12-13.

[10] Id. at ¶ 14.

[11] Id.

[12] Id.

[13] Id.

[14] Id.

compromised, Simply Delivered transferred the agreed upon $97,000 to the hacker's account.[15]

The next day, Rodriguez regained control over his Bazaar email account and sent Simply Delivered an email with the subject line: "call me asap/stop your ach transaction."[16]  By then, it was too late.  The transferred funds had been swiped from the hacker's account.[17]  Bazaar denied that it received the funds and refused to deliver the goods until Simply Delivered transferred the funds a second time.[18]

After Bazaar denied responsibility for the diverted funds and refused to compensate Simply Delivered for the loss, Simply Delivered filed suit and now asserts state law claims for breach of contract, negligence, and violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA").[19]  Simply Delivered contends that the hacker, utilizing Rodriguez's Bazaar email became Bazaar's agent, and Bazaar breached their agreement when it failed to deliver the goods without further payment.[20]  It

---

[15] Id.

[16] Id. at ¶ 15.

[17] Id. at ¶ 16.

[18] Id.

[19] Id. at ¶¶ 17-33.

[20] Id. at ¶¶ 21-24.

further alleges that Bazaar breached its duty to Simply Delivered to protect Simply Delivered's confidential information concerning its potential business transactions by failing to maintain robust security measures.[21]  Finally, it contends that Bazaar breached its duty to inform Simply Delivered that it did not have any sort of reasonable security measures in place to prevent the hacking and breached its duty to inform Simply Delivered "swiftly" about the breach.[22]  Bazaar's jurisdictional challenge is ripe for decision.

## II.  Personal Jurisdiction

The Due Process Clause of the Fourteenth Amendment limits a "court's power to exercise jurisdiction over a defendant." Ford Motor Co. v. Montana Eighth Judicial Dist. Court, 141 S. Ct. 1017, 1024 (2021).  A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if:  (1) the nonresident defendant is amenable to service of process under the state's long-arm statute; and (2) the exercise of jurisdiction comports with the Fourteenth Amendment's Due Process Cause. See Jones v. Petty-Ray Geophysical, Geosource, Inc., 954 F.2d 1061, 1067 (5th Cir. 1992) (citation omitted).  Because the Texas long-arm statute extends as far as due process permits, the sole inquiry

---

[21] Id. at ¶¶ 27-30.

[22] Id. at ¶¶ 27-32.

here is whether subjecting Bazaar to suit in Texas would offend due process. <u>Id.</u> at 1067-68 (citation omitted).

The due process inquiry focuses upon whether the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" <u>Int'l Shoe Co. v. Washington</u>, 66 S. Ct. 154, 158 (1945) (citation omitted). There are two types of minimum contacts--those that give rise to general, all-purpose jurisdiction and those that give rise to specific, case-linked jurisdiction. *See* <u>Ford</u>, 141 S. Ct. at 1024 (citation omitted).

When the court does not conduct an evidentiary hearing on the question of personal jurisdiction, the party seeking to establish jurisdiction bears the burden of presenting a prima facie case of jurisdiction. *See* <u>Alpine View Co. v. Atlas Copco AB</u>, 205 F.3d 208, 215 (5th Cir. 2000) (citation omitted). "Proof by a preponderance of the evidence is not required." <u>Johnston v. Multidata Sys. Int'l Corp.</u>, 523 F.3d 602, 609 (5th Cir. 2008) (citation omitted). The uncontroverted, non-conclusory allegations of fact in the plaintiff's complaint must be taken as true. *See* <u>Johnson v. TheHuffingtonPost.com, Inc.</u>, 21 F.4th 314, 317 (5th Cir. 2021) (citation omitted).

A.   General Jurisdiction

"General jurisdiction, as its name implies, extends to 'any and all claims' brought against a defendant." Ford, 141 S. Ct. at 1024 (citation omitted).  To exercise general jurisdiction over a defendant, due process requires that the defendant have "sufficiently systematic and continuous contacts with the forum state, such that the defendant feels at home in the forum state[.]" Pace v. Cirrus Design Corp., 93 F.4th 879, 898 (5th Cir. 2024) (internal citations and quotation marks omitted).  "Only a select 'set of affiliations with a forum' will expose a defendant to such sweeping jurisdiction."  Ford, 141 S. Ct. at 1024 (citation omitted).  A corporation is at home, and subject to general jurisdiction, "where its place of incorporation and its principal place of business are located." Pace, 93 F.4th at 898 (citation omitted).  In exceptional circumstances, a corporation may further be at home where its corporate operations are "so substantial and of such a nature as to render the corporation at home in the forum."  Id. (internal citations and quotation marks omitted). Such "exceptional circumstances are incredibly difficult to establish."  Id.

It is undisputed that Bazaar is incorporated in Illinois and has its principal place of business in Illinois.[23] Simply Delivered alleges no "exceptional circumstances" suggesting that Bazaar's operations in Texas are so substantial and of such a nature as to render Bazaar "at home" in Texas.  In fact, Simply Delivered does not argue that Bazaar is "at home" in Texas.  Simply Delivered fails to present a prima facie case of general jurisdiction.

Instead, Simply Delivered asks the Court for jurisdictional discovery.  Simply Delivered asks for (1) discovery related to Bazaar's storage, collection, acquisition, or other systematic management of confidential information to show that Bazaar attempts to comply with Texas law regarding data privacy and security; (2) discovery regarding the volume and percentage of Texas sales; (3) discovery showing the number of Texas residents affected by the security incident; and (4) discovery regarding Bazaar's marketing directed to Texas businesses and residents.[24] The Court finds that although Simply Delivered identifies the discovery it seeks, it does not identify the facts it reasonably expects to find that would render Bazaar "at home" in Texas.

To support a finding of general jurisdiction, the contacts "with the forum state must approximate physical presence."  <u>Frank</u>

---

[23] Document No. 17 at ¶ 3.

[24] Document No. 19 at 9.

v. P N K (Lake Charles) L.L.C., 947 F.3d 331, 339 (5th Cir. 2020)
(citing cases).  Texas sales, Texas customers, and Texas targeted
marketing do not establish physical presence in Texas.  *See, e.g.*,
id. at 338-41; *cf.* Ford Motor Co. v. Montana Eighth Judicial Dist.
Court, 141 S. Ct. 1017, 1022-24 (2021) (finding no general
jurisdiction over Ford notwithstanding Ford's substantial business
in the forum).  There are no allegations that Bazaar has any
physical operations in Texas or any employees or agents in Texas,
or allegations that Bazaar sent employees to Texas.  The most that
has been alleged is that Bazaar does a substantial amount of
business *with* Texans but not *in* Texas.  This is not enough.  *See,*
*e.g.*, Frank, 947 F.3d at 339-40.  Because Simply Delivered fails
to support its "jurisdictional discovery request [with] factual
allegations that suggest with reasonable particularity the
possible existence of the requisite contacts" Bazaar has with
Texas, the request for jurisdictional discovery is DENIED.  *See*
Pace, 93 F.4th at 903 (internal quotation marks and citation
omitted).[25]

B.  Specific Jurisdiction

       Specific jurisdiction "covers defendants less intimately
connected with a State, but only as to a narrower class of claims."

---

[25] Notably, "[w]hen the lack of personal jurisdiction is
clear," as it is here, "discovery would serve no purpose and should

Ford, 141 S. Ct. at 1024.  The contacts needed for specific jurisdiction "often go by the name 'purposeful availment.'"  Id. (citation omitted).  The defendant "must take some act by which it purposefully avails itself of the privilege of conducting activities within the forum State."  Id. (internal citation and quotation marks omitted).  The defendant's forum contacts must be its "own choice and not 'random, isolated, or fortuitous.'"  Id. at 1025.  "[S]pecific jurisdiction exists when a defendant purposefully avails itself of the privilege of conducting activities within a forum state, the plaintiff's claims arise out of or relate to the defendant's 'minimum contacts,' and maintaining the suit would not offend traditional notions of fair play and substantial justice."  Pace, 93 F.4th at 900 (citing Ford, 141 S. Ct. at 1024-25).  While a "defendant may have many meaningful ties to the forum," if the contacts "do not connect to the plaintiff's claim, they cannot sustain" the court's power to hear the claim. Johnson, 21 F.4th at 317-18.

In pleading personal jurisdiction, Simply Delivered identifies the following contacts: (1) Bazaar carried on negotiations with Simply Delivered, a Texas resident; (2) Bazaar attends national trade shows actively to solicit business from Texas companies; (3) Bazaar has developed a substantial book of

---

not be permitted." Kelly v. Syria Shell Petroleum Dev. B.V., 213 F.3d 841, 855 (5th Cir. 2000).

business with Texas residents; (4) Bazaar's relationship with other Texas buyers generates a significant amount of business income for Bazaar; (5) Bazaar communicated with Simply Delivered with full knowledge that Simply Delivered had a reasonable expectation that any information disclosed to Bazaar would be maintained in strict confidence; (6) in communicating with Simply Delivered, Bazaar "negligently misrepresented to a Texas resident, in the state of Texas, that it maintained robust cybersecurity measures to protect the privacy of its communications;" (7) "Bazaar's misrepresentations" is a substantial factor in Bazaar's business within Texas; and (8) Bazaar engaged in deceptive trade practices.[26] The "misrepresentations" and deceptive practices were Bazaar's alleged failure to inform Simply Delivered that it did not maintain robust cybersecurity measures.[27] These contacts are insufficient to establish specific jurisdiction in Texas.

First, it is well established in the Fifth Circuit that contracting with a resident of the forum state is not enough to establish minimum contacts. Moncrief Oil Int'l Inc. v. OAO Gazprom, 481 F.3d 309, 311 (5th Cir. 2007) (citing cases). Moreover, the "exchange of communications in the course of developing and carrying out a contract [] does not, by itself,

---

[26] Document No. 17 at ¶ 6.

[27] Id. at ¶ 7.

11

constitute the required purposeful availment of the benefits and protections of Texas law." Id. at 312.  Here, Simply Delivered alleges that it met Bazaar at a trade show in Las Vegas (not Texas) and that Bazaar carried on communicating with Simply Delivered, a known Texas resident, via email and telephone.[28]  This exchange of communications between a resident and a nonresident in negotiating a contract is insufficient to establish that Bazaar purposefully availed itself of the privilege of conducting activities within Texas.

The second set of alleged contacts all relate to Bazaar's alleged business dealings with others.  However, there are no allegations connecting Bazaar's marketing and sales to *other* Texas residents to the claims in this case.  To satisfy due process, Simply Delivered's suit must arise out of or relate to Bazaar's contacts with the forum.  See Pace, 93 F.4th at 900-01; *see also* Moki Mac River Expeditions v. Drugg, 221 S.W.3d 569, 585 (Tex. 2007) (cited by Plaintiff, finding no specific jurisdiction because the connection between the Texas promotional materials and the operative facts was not "sufficiently direct to meet due-process concerns").

The final set of alleged contacts all relate to an alleged failure to inform.  This suit does not concern affirmative

---

[28] Id. at ¶ 11.

misrepresentations made to a forum resident while present in the forum.  Instead, this suit arises out of an alleged failure to reach out from Illinois and provide information to a Texas resident.  Bazaar's *not* reaching out from Illinois to Texas does not establish that Bazaar acted purposefully to avail itself of the privilege of conducting activities within Texas.  The defendant's ties to the forum must be ties that the defendant *itself* purposefully forged.  Johnson, 21 F.4th at 317 (citation omitted).

Bazaar's alleged contacts with Texas related to Simply Delivered's claims are too attenuated and fortuitous to find that Bazaar purposefully availed itself of the benefits and protections of the forum.  Simply Delivered fails to make a prima facie case of specific personal jurisdiction, and its claims must therefore be dismissed for lack of personal jurisdiction.[29]

---

[29] Simply Delivered further asks the Court to allow jurisdictional discovery to support its allegations of specific jurisdiction.  Similar to its request for general jurisdiction discovery, Simply Delivered fails to present "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts" Bazaar has with Texas, and thus, the request for discovery is DENIED. *See* Pace, 93 F.4th at 903 (internal quotation marks and citation omitted).

### III. Order

For the foregoing reasons, it is

ORDERED that Defendant The Bazaar, Inc.'s Motion to Dismiss First Amended Complaint (Document No. 18) is GRANTED, and Plaintiff Simply Delivered, LLC's claims are DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED at Houston, Texas, on this 24TH day of May, 2024.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE